# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-30763
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2023

Lyle W. Cayce
Clerk

Kendall Summers,

*Plaintiff—Appellant*,

*versus*

State of Louisiana, *Louisiana Department of Health and Hospitals, as the political entity responsible for the Eastern Louisiana Mental Health System*; Stephen Robert Russo, *Doctor*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-21

———————————————————————

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30763

Plaintiff-Appellant Kendall Summers, proceeding *pro se*,[1] appeals the district court's dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing.  We AFFIRM.

## I. BACKGROUND

Summers is committed to the custody of the East Louisiana Mental Health System ("ELMHS") in Jackson, Louisiana, after being adjudged not guilty by reason of insanity.  Summers filed this action against the State of Louisiana, through the Department of Health ("LDOH"), and Courtney N. Phillips, the Secretary of the Louisiana Department of Health (collectively "Defendants") alleging violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Section 1557 of the Patient Protection and Affordable Care Act.  Summers seeks injunctive and declaratory relief requiring LDOH to develop a comprehensive outpatient treatment system in compliance with federal disability laws and to order LDOH to provide him with the reasonable accommodations he "may need to function in an outpatient basis."  Summers also seeks damages for the discriminatory harm already caused by LDOH.

The district court consolidated Summers' case for all purposes other than trial with substantively similar suits filed by seven other plaintiffs.  Following consolidation, Defendants filed a superseding motion to dismiss plaintiffs' claims for lack of jurisdiction and failure to state a claim.  The district court granted Defendants' motion to dismiss on the grounds that plaintiffs lacked standing to pursue their claims.  The court gave plaintiffs twenty-eight days to amend their complaints to cure the deficiencies

---

[1] Although Summers is *pro se* on appeal, he was represented by counsel throughout the proceedings in the district court.

No. 22-30763

identified in its judgment.  Summers did not file a third amended complaint to cure these deficiencies.  He did, however, timely appeal the court's judgment of dismissal.

## II. DISCUSSION

We review *de novo* a district court's Rule 12(b)(1) dismissal for lack of standing.[2]  The party invoking federal jurisdiction has the burden of proof to show standing.[3]  "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likel[ihood] that the injury will be redressed by a favorable decision."[4]

Liberally construed,[5] Summers' brief on appeal (1) challenges the district court's consolidation of his case with seven other plaintiffs, and (2) reasserts his arguments on standing.  As to Summers' assertion that the pretrial consolidation of his case violated his due process rights, we note that he did not raise this objection before the district court.  Instead, in response to Defendants' motion to consolidate, plaintiffs, including Summers, stated

---

[2] *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009).

[3] *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

[4] *Id.* (internal quotation marks and citation omitted).

[5] Defendants assert that because Summers did not identify any error in the district court's judgment, he has abandoned his appeal.  However, as recognized by Defendants, Summers' brief on appeal does include arguments from his district court brief in opposition to Defendants' motion to dismiss for lack of standing.  Accordingly, in light of Summers' *pro se* status and the need to construe his filings liberally, we find that Summers has not abandoned his appeal.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (noting that "[a] document filed *pro se* is to be liberally construed" (internal quotation marks and citation omitted)).

that they did *not* oppose consolidation for purposes of "briefing legal issues and discovery." Accordingly, Summers' consolidation argument is waived.[6]

Additionally, the district court correctly concluded that Summers lacks standing to pursue his claims against Defendants for damages, injunctive, and declaratory relief. "At the pleading stage, allegations of injury are liberally construed," but allegations of injury that are "merely conjectural or hypothetical do not suffice to confer standing."[7] Although Summers asserts that he has "stated a claim for monetary relief," he does not challenge the district court's conclusion that he failed to allege a prior injury that is fairly traceable to the conduct of the Defendants. Specifically, Summers does not allege that he was previously eligible for community-based treatment but was denied the opportunity to participate because of Defendants' failure to develop and implement a community-based program. Instead, Summers appears to argue that he was injured by his unlawful detention at ELMHS. However, Defendants lack the power to release Summers absent a court order. Accordingly, to the extent Summers has alleged a prior injury, such injury is not "fairly traceable" to Defendants' challenged actions.[8]

---

[6] *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339-40 (5th Cir. 2005) ("If a party wishes to preserve an argument on appeal, the party must press and not merely intimate the argument during the proceedings before the district court. An argument must be raised to such a degree that the district court has an opportunity to rule on it." (internal quotation marks and citation omitted)).

[7] *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) (citations omitted).

[8] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 506 (1992) (emphasizing that a plaintiff's injury must be fairly traceable to the conduct of the defendant and not the result of "the independent action of some third party not before the court" (internal quotation marks and citation omitted)); *Little*, 575 F.3d at 540 ("A claim of injury generally is too conjectural or hypothetical to confer standing when the injury's existence depends on the decisions of third parties not before the court.").

No. 22-30763

Summers' appeal brief also lacks any argument challenging the district court's dismissal of his injunctive and declaratory relief claims. In seeking injunctive relief, a plaintiff's injury must be more than speculative, it must be "certainly impending."[9] As explained by the district court, because Summers does not allege that he is currently (or will be imminently) qualified for community-based placement, any future injury from Defendants' alleged lack of a community-based treatment program is hypothetical and speculative. Thus, Summers has not alleged an injury-in-fact sufficient to confer standing to pursue his claims for declaratory and injunctive relief.

Accordingly, the district court's dismissal for lack of standing is AFFIRMED.

_____

[9] *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).